UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
UNITED STATES OF AMERICA,           :
                                    :
            -v-                     :     11 Civ. 00555 (KBF)
                                    :
$278,780.80 in FUNDS FORMERLY on    :     OPINION & ORDER
DEPOSIT at CITIBANK BUSINESS        :
ACCOUNT NUMBER 009937727437, HELD   :
in the NAME of VERSACOR, INC.,      :
                                    :
            Defendants.             :
                                    :
------------------------------------

KATHERINE B. FORREST, District Judge:

On January 26, 2011, the United States of America commenced a civil forfeiture action against $258,780.80 in funds formerly on deposit at Citibank, held in the name of Versacor, Inc. The funds were subsequently transferred to, and are presently on deposit in, a suspense account maintained by the Customs and Border Protection, Department of Homeland Security. (See Compl. ¶ 4, ECF No. 1.)

The civil forfeiture action alleges that these amounts are the illegal proceeds from an alleged fraudulent scheme in which Versacor had withdrawn or attempted to withdraw monies from accounts of numerous individuals, many over the age of seventy. (Id. ¶¶ 5-15.) An investigation by Immigrations and Customs Enforcement ("ICE") led to the recovery of two laptop computers containing thousands of files listing checking account and bank routing numbers for numerous individuals residing in the United

States. (Id.) The Government alleges that its initial investigation indicates that individuals from whose accounts these monies were withdrawn had not heard of Versacor and had not granted permission for such transactions. (Id.)

Over the course of a year, the civil action continued and limited discovery was conducted. The Government was simultaneously engaged in a criminal investigation of the same conduct, involving the same individuals and companies and same victims. Indeed, there appears to be a complete identity of facts between the civil and criminal matters. See generally Indictment, United States v. Eromobor, No. 12 Cr. 441 (filed May 31, 2012). Defendants make much of the fact that the civil action was used as a fact-gathering tool for the criminal investigation. The Court is not persuaded that either the civil or the criminal action lacks independent merit. It is unsurprising that, given the overlapping facts, pursuit of one informs the other.

Approximately nine months after the commencement of the civil action, the Government moved to stay that action for a period of 120 days under 18 U.S.C. § 981(g)(1). (See October 7, 2011, Letter from Michael Lockard to Magistrate Judge Freeman, ECF No. 11.) After receiving an in camera submission by the government, Magistrate Judge Freeman granted that stay on February 15, 2012, stating that "this Court is persuaded that

there are specific reasons why permitting Versacor to proceed with discovery would, in fact, have an adverse impact on the Government's ability to pursue its criminal investigation and that those reasons outweigh the arguments Versacor has made in opposition to the stay." (Feb. 15, 2012, Order, at 2, ECF No. 19.) However, the Magistrate Judge also stated that the stay would expire as of April 6, 2012. (Id.) Notably, at the time the stay was granted, no indictment had issued; the criminal matter was only at the investigatory stage.

In April 2012, the stay issued in February expired. Versacor opposed an additional stay. On May 31, 2012, an indictment against the principal of Versacor, Anselm Ikhide Eromobor, issued out of the Southern District of New York. The criminal matter was randomly assigned to this Court.

In connection with the Government's renewed motion for a stay, apart from notifying the Magistrate of the indictment and making additional attorney argument, the Government did not present an additional evidentiary basis as to why a stay was necessary or appropriate. (See June 26, 2012, Order, ECF No. 21 ("the June Order").) It should have done so, but the Government's failure to present additional evidence under these particular circumstances is not forever fatal. On June 26, 2012, the Magistrate Judge denied the request for the additional stay without prejudice and with leave to renew based on a more

3

detailed application from the Government justifying the duration of the stay. (Id.)

On July 4, 2012, the Government filed objections to the Magistrate Judge's Order. Versacor has opposed those objections. On August 18, 2012, Judge McMahon reassigned the civil forfeiture action to this Court to enable efficient management of both actions, and this Court withdrew the pre-trial reference to the Magistrate (as is its general practice) thereafter.

I. Legal Standards

Rule 72(a) of the Federal Rules of Civil Procedure states that a district court judge can only modify or set aside a magistrate judge's order on a non-dispositive motion (which this is) if the decision is clearly erroneous or contrary to law. See Pippins v. KPMG LLP, 279 F.R.D. 245, 253 (S.D.N.Y. 2012). An order is clearly erroneous if the Court is left with the firm conviction that a mistake has been made. Id. An order is contrary to law when it fails to apply statutes, case law or rules of procedure correctly. Id.

The Court's power to stay proceedings comes from two sources. First, the Court has the inherent power to issue a stay when required by the interests of justice. Volmar Distribs., Inc. v. N.Y. Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (citing Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir.

4

1986)). Second, the Court must issue a stay in civil forfeiture proceedings if, on motion from the Government, the Court finds that civil discovery will negatively affect a related criminal investigation or prosecution. 18 U.S.C. § 981(g)(1).

II. DISCUSSION

This case presents an unusual situation. The Magistrate Judge did not deny the motion for a stay outright; it was denied without prejudice. That denial is an indication of the possibility -- indeed, likelihood -- that the Government would be able to make the showing necessary to obtain a stay. The June Order reflects the Magistrate Judge's frustration that the Government had not made more affirmative efforts to demonstrate the need for a stay.

This matter was transferred to this Court after the June Order had been issued, and another three months have now passed. This Court now has both the criminal and civil matters pending before it and has the unique ability to compare the factual allegations of the two matters and to reach a determination whether, at this particular point in time, a stay of the civil proceeding is appropriate. The Court finds that it is. In so holding, this Court need not find that the June Order was clearly erroneous or contrary to law. That order was necessarily temporary and invited the parties to renew it upon additional showing.

This Court's review of the indictment and its review of the February in camera submission from the ICE agent participating in the investigation make it clear that there is complete overlap between the civil and criminal cases relating to Mr. Eromobor and his company, Versacor. The law clearly provides for much more limited discovery in the criminal context than the civil, and for that reason, stays of civil forfeiture actions are routinely granted during the pendency of related criminal proceedings. See, e.g., United States v. All Funds on Deposit in Suntrust Account No. XXXXXXXX8359, 456 F. Supp. 2d 64, 66 (D.D.C. 2006); United States v. All Funds on Deposit in Bus. Money Mkt. Account No. 028-0942059-66, 319 F. Supp. 2d 290, 294 (E.D.N.Y. 2004). Indeed, the statute underlying such stays is mandatory; the Court must stay the civil proceeding if it finds that it would interfere with the related criminal matter. See 18 U.S.C. § 981(g)(1) ("Upon motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." (emphasis added)).

This Court can locate no case in which a stay has not been granted when the facts are as overlapping as they are here. There is no doubt that pursuit of civil discovery in this matter

6

can only adversely impact the Government's criminal investigation.

Of course, given the complete identity of facts between the two matters, demonstrating that the criminal investigation would be adversely impacted would have taken very little showing. That the Government chose not to put in repeated affidavits was a poor choice in light of the Magistrate Judge's preference for having such a record. Nonetheless, this Court finds that in October 2012, with a pending indictment and an active and ongoing criminal matter, a stay of the civil action until the conclusion of the criminal action or further order of this Court is warranted.

The Court is not troubled with the unknown duration of the stay. The Government is actively seeking extradition of the defendant in the criminal action, and the Speedy Trial Act will ensure that the criminal matter will be dealt with expeditiously. In the meantime, the funds are properly safeguarded.

III. CONCLUSION

For the reasons set forth above, this Court need not overrule the Magistrate Judge's June Order but finds that it has been superseded by the passage of time. Accordingly, it is hereby

ORDERED that the civil forfeiture action is stayed pending resolution of the criminal matter or pending further order of this Court.

IT IS FURTHER ORDERED that the status conference scheduled for tomorrow, October 5, 2012, is adjourned.

SO ORDERED:

Dated:   New York, New York
         October 4, 2012

                                                KATHERINE B. FORREST
                                                United States District Judge